The Honorable Robert S. Lasnik

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JOHN HOLCOMB,<br><br>Defendant. | No. CR21-75-RSL<br><br>UNITED STATES' REPLY FOR RECONSIDERATION OF SUPPRESSION ORDER<br><br>Noted for Consideration: August 19, 2022 |

For two reasons, the Court should grant reconsideration of its suppression order (Dkt. 58). Nothing in Holcomb's opposition (Dkt. 75) shows otherwise.

First, the suppression order is manifestly erroneous. Suppression based on retroactive application of a new constitutional rule—a rule that is not clearly established by binding appellate authority—is inconsistent with the Supreme Court's formulation of *Leon*'s good faith doctrine and the policies underlying the exclusionary rule. To suppress evidence for a Fourth Amendment violation that was not clearly established at the time of the search would subvert the rule that evidence should not be suppressed unless a reasonably well-trained officer would have known the search was illegal. It would also have no meaningful deterrent effect. And absent meaningful deterrent value, suppression does not pay its way.

Second, the Court's unprecedented suppression order overlooked binding authority, in the face of which the order cannot stand. Neither the Ninth Circuit nor the Supreme Court have held, as this Court did, that temporal limitations on a dominion-and-control
U.S. Reply for Recon. of Suppression Order – 1
*United States v. Holcomb,* CR21-75-RSL

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

provision in an otherwise carefully limited search warrant supported by probable cause makes a warrant to search for electronic information facially invalid. And neither the Supreme Court nor the Ninth Circuit have ever applied the extreme sanction of suppression on facts comparable to those here. The Court should thus reconsider its order and deny the suppression motion.

### A. Holcomb's merits arguments fail, as the Court's suppression order overlooks controlling authority and is manifestly erroneous

The Court directed Holcomb to "limit[]" his response "to the issues of (1) whether the Court applied the correct legal standard in determining that the good-faith exception set forth in *United States v. Leon*, 468 U.S. 897 (1984), was unavailable, (2) whether the Court is compelled to grant a *Leon* good-faith exception where there is no Supreme Court or Ninth Circuit caselaw that clearly establishes that the warrant violated the Fourth Amendment, and (3) whether there is Supreme Court or Ninth Circuit caselaw that clearly establishes that the warrant violated the Fourth Amendment." Dkt. 65 at 1–2. As explained below, the answer to the first and third questions is no, and the answer to the second is yes.[1]

In his response, Holcomb fails to answer the Court's three questions head on. He challenges the premises behind the questions, relies on inapt and nonbinding authority, and discusses a range of irrelevant issues. That approach is revealing. If the relevant law here were in fact "clearly established" by Ninth Circuit or Supreme Court precedent—if this challenged search warrant were so obviously defective as to require the extreme remedy of suppression—then Holcomb would be able to point to some binding precedent that says so. He cannot because there is none.

---

[1] In his response, Holcomb offers a range of arguments about topics that the Court did not ask him to address. The government will not address each of those arguments here or discuss all the many new and inapt cases cited by Holcomb. Of course, by focusing the government's reply on the three questions that the Court posed to Holcomb, the government is not conceding or waiving any arguments.

U.S. Reply for Recon. of Suppression Order – 2
*United States v. Holcomb,* CR21-75-RSL

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

*1. The Court applied the wrong legal standard in determining that the good-faith doctrine was unavailable and the exclusionary rule mandatory*

The Court's first question to Holcomb was "whether the Court applied the correct legal standard in determining that the good-faith exception set forth in [*Leon*] was unavailable." Dkt. 65 at 1. Unsurprisingly, Holcomb tells the Court that it applied the correct legal standard. Yet in so arguing, he ignores the Supreme Court and Ninth Circuit authorities cited by the United States. And contrary to Holcomb's contention (Dkt. 75 at 4–5), the Court did indeed treat suppression as a functionally automatic consequence of what it found to be a facially deficient warrant. As the United States has detailed, that approach is contrary to binding precedent. The Court manifestly erred by treating suppression as required or effectively automatic—and the good-faith doctrine as unavailable—if a warrant is facially deficient. Dkt. 63 at 5–19.

Holcomb says (Dkt. 75 at 11) that the government "has tried to distort the relationship between qualified immunity and the good faith exception" in relying on *Messerschmidt v. Millender*, 565 U.S. 535 (2012). But the government has done no such thing. Rather, it has identified Supreme Court authority that shows that this Court's suppression order was wrong. *Messerschmidt* makes clear that suppression cannot be automatic (or functionally automatic) simply because a warrant has been deemed facially invalid—a court should not suppress evidence unless controlling authority makes clear that a reasonably well-trained officer would have recognized that the warrant was invalid.

As the Ninth Circuit has recognized post-*Messerschmidt*, "While the *Leon* doctrine pertains to suppression hearings in criminal proceedings, 'the same standard of objective reasonableness that [the United States Supreme Court] applied in the context of a suppression hearing in *Leon* defines the qualified immunity accorded an officer who obtained or relied on an allegedly invalid warrant.'" *United States v. Needham*, 718 F.3d 1190, 1194 (9th Cir. 2013) (brackets in original) (quoting *Messerschmidt*, 565 U.S. at 547 n.1). "[I]t therefore follows," the Ninth Circuit explained, "that if an officer is granted qualified immunity in a civil suit for relying on a warrant alleged to be lacking probable

U.S. Reply for Recon. of Suppression Order – 3
*United States v. Holcomb,* CR21-75-RSL

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

cause, then reliance on the existence of probable cause in that warrant must also have been objectively reasonable under the *Leon* doctrine." *Needham*, 718 F.3d at 1194 (finding defendant's suppression claim in criminal child-pornography case "controlled by our grant of qualified immunity in a similar case decided after the search of [defendant's] residence"); *see also United States v. King*, 985 F.3d 702, 710 (9th Cir. 2021) (applying *Messerschmidt* and holding that good faith would apply even if a warrant authorizing a search for all firearms were overbroad).

Nor do the cases relied upon by Holcomb alter this conclusion. Holcomb ignores binding precedent and instead directs the Court to a series of decisions from appellate courts predating *Messerschmidt*. Dkt 75 at 12–13. But *Messerschmidt* and Ninth Circuit decisions applying it are unambiguous: in assessing objective reasonableness under *Leon*, the critical question is whether at the time of the conduct in question, it was clearly established that such conduct constituted a Fourth Amendment violation. If the answer to that question is no, then the good-faith doctrine bars suppression. Whatever the cases cited by Holcomb may have to say on the matter, those cases have been overruled to the extent they are inconsistent with these more recent pronouncements.

Simply put, nothing in Holcomb's response shows that the government's reliance on *Messerschmidt* was misplaced. As the United States has detailed, the suppression order applied the wrong legal standard in determining that the good-faith doctrine was unavailable because it deemed suppression to be effectively automatic, rather than inquiring whether the supposed Fourth Amendment violation was clearly established under Supreme Court or Ninth Circuit precedent. The Supreme Court long ago rejected the reflexive application of the exclusionary rule because that approach is unmoored from the policy goal that undergirds this judicially created remedy—deterring future Fourth Amendment violations. Excluding the child-exploitation evidence here was manifest error.

U.S. Reply for Recon. of Suppression Order – 4
*United States v. Holcomb,* CR21-75-RSL

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

### 2. When neither the Supreme Court nor the Ninth Circuit has found a Fourth Amendment violation on comparable facts, the good-faith doctrine applies

The Court's second question to Holcomb was whether "the Court is compelled to grant a *Leon* good-faith exception where there is no Supreme Court or Ninth Circuit caselaw that clearly establishes that the warrant violated the Fourth Amendment." Dkt. 65. Understandably, he answers the question in the negative. But again, he offers no binding authority that supports his position.

As discussed, the answer to the Court's question is yes. The authorities cited by the United States demonstrate that the exclusionary rule does not apply if no existing precedent establishes that the challenged search was unlawful. Here, neither the Supreme Court nor the Ninth Circuit has ever suppressed evidence from a search involving a warrant comparable to this one. Nor has Holcomb identified any such cases. Indeed, the Ninth Circuit has rejected claims that the lack of temporal restrictions in a digital search render a warrant facially invalid. *See* Dkt. 63 at 8–13. It was therefore objectively reasonable for the police to rely on the Riquelme warrant in good faith. And the Court has already rejected Holcomb's unsupported allegations of misconduct. This is a quintessential good-faith case, where the "extreme sanction of exclusion" has no place. *Herring v. United States*, 555 U.S. 135, 140 (2009) (quoting *Leon*, 468 U.S. at 916).

Time and again, the Supreme Court has explained that the purpose of the exclusionary rule is to deter future government misconduct. But when a court suppresses evidence after announcing a new constitutional rule that no reasonably well-trained officer would have anticipated would apply at the time a warrant issued—as here—that is not an exercise in deterring future government misconduct. It is suppressing evidence because the police lacked legal clairvoyance. Put in the parlance of the Fourth Amendment itself: it is unreasonable to require a search to comply with anything other than the constitutional standard in force at the time of that search.

U.S. Reply for Recon. of Suppression Order – 5
*United States v. Holcomb,* CR21-75-RSL

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

### 3. Holcomb cites no Ninth Circuit or Supreme Court case establishing—"clearly" or otherwise—that this search violated the Fourth Amendment

The Court's third and final question to Holcomb was "whether there is Supreme Court or Ninth Circuit caselaw that clearly establishes that the warrant violated the Fourth Amendment." Dkt. 65 at 2. There is not.

As discussed, *see* Dkt. 63 at 8–13, neither the Ninth Circuit nor the Supreme Court has held that a dominion-and-control search provision in a warrant to search a digital device must include a restrictive date-range limitation—and for good reason. A date limit on dominion-and-control evidence would be arbitrary and unduly restrictive in many cases. And concerns about an overbroad search can be addressed by other limitations, like those in the Riquelme warrant's other search provisions.

Holcomb identifies no case holding otherwise. He also fails to respond to *United States* v. *Johnston*, 789 F.3d 934, 942 (9th Cir. 2015), in which the Ninth Circuit rejected a manner-of-execution challenge to a digital search warrant without a date restriction. And he fails to respond to *United States* v. *Schesso*, 730 F.3d 1040, 1046–51 (9th Cir. 2013), in which the court rejected the argument that a warrant to search the defendant's digital devices for child pornography was overly general because it did not have date limits.

Instead, Holcomb's response challenges the premise of the Court's question. Dkt. 75 at 11–14. Holcomb quotes the Fourth Amendment. *Id*. at 17–18. He cites cases from the Fourth, Sixth, and Seventh Circuits and from district courts, all involving facts unlike those here. *Id.* at 6–7, 14–16. And he cites Ninth Circuit cases where unrelated Fourth Amendment violations *were* clearly established under existing Ninth Circuit and Supreme Court law, *id*. at 14, 17–22—again, unlike here. What he does not do, however, is identify any Supreme Court or Ninth Circuit cases that found constitutional defect in a search warrant's dominion-and-control provision that lacked a temporal limitation. Nor does he offer any authority that could cast doubt on the continued force of those precedents, cited by the government, that demonstrate that neither the Ninth Circuit nor the Supreme

U.S. Reply for Recon. of Suppression Order – 6
*United States v. Holcomb,* CR21-75-RSL

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

Court have mandated the *per se* requirement of temporal limitations in a digital search that the Court's suppression order embraced.

For example, Holcomb relies on two unpublished orders from the Districts of Nevada and Idaho—neither of which is binding precedent here. Dkt. 75 at 6–7 (citing *United States v. Lofstead*, No. 3:20-CR-00053-MMD-WGC, 2021 WL 5501101, at *1 (D. Nev. Nov. 22, 2021); *United States v. Atencio*, No. 1:21-CR-0058-DCN, 2022 WL 1288734, at *20–*21 (D. Idaho Apr. 29, 2022)). Nor do they have much persuasive force, as both cases are easily distinguishable from Holcomb's case. The search warrants in those cases both failed to establish probable cause and had other obvious defects that distinguish them from the challenged search warrant here.[2] And in one of those cases, *Lofstead*, the district judge expressly recognized that "[t]he Ninth Circuit has not definitely resolved whether a complete lack of temporal limitation on searches for [electronically stored information] are facially overbroad," and the judge acknowledged that "[t]emporal restrictions are not a *de facto* requirement." 2021 WL 5501101, at *7 (citations omitted).

The district judge in *Lofstead* went on to rule that the absence of a temporal limitation in that warrant—on the specific facts of that case, including what the judge described as government misconduct—foreclosed the good-faith doctrine. But there is no mention in the decision of that warrant including a dominion-and-control provision, as here. At any rate, that factbound ruling is not precedent, involves a range of factors absent from this case, and does not support suppression here.

Holcomb cites no Supreme Court or Ninth Circuit caselaw establishing—"clearly" or otherwise—that this warranted search violated the Fourth Amendment. And his

---

[2] The *Atencio* warrant was "so lacking in probable cause and particularity that the good faith exception does not apply"; an officer "used the same affidavit interchangeably to obtain search warrants for eight different locations" despite making "no attempt to suggest" that evidence of the defendant's crime could be found in most of the locations; and "no evidence in the record" suggested that the lead investigator or any other officers who executed the warrant relied on that affidavit. *Atencio*, 2022 WL 1288734, at *21. Not so here. In *Lofstead*, the government "conceded" that parts of the warrant "were likely overbroad" and "conceded" that "there likely was not probable cause to search [the defendant's] phone for evidence of child pornography." 2021 WL 5501101, at *3, *5. Again, not so here.

U.S. Reply for Recon. of Suppression Order – 7
*United States v. Holcomb,* CR21-75-RSL

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

suggestion that nonbinding authority could constitute clearly established law for present purposes is incorrect. When the Ninth Circuit rejected a claim that the results of a warrantless search of the defendant's cellphone should be suppressed in the wake of the Supreme Court's decision in *Riley*, it explained that "[w]e decline to impose on law enforcement an obligation to constantly search for non-binding authority across all jurisdictions and to curtail their otherwise authorized activities as soon as any court casts existing precedent into doubt." *United States v. Lustig*, 830 F.3d 1075, 1083 (9th Cir. 2016). The suppression order holds law enforcement to that standard, and it merits reconsideration and reversal for that reason.

In sum, absent binding precedent in effect when the state court issued this computer search warrant holding that a dominion-and-control provision lacking a temporal limitation is facially invalid, this Court is bound to credit reliance on that warrant as objectively reasonable. And because the search here fell squarely within the scope of that warrant, there is no basis to suppress Holcomb's child-exploitation evidence.

**B.      Holcomb's procedural arguments against reconsideration also fail**

Despite the Court's directive that Holcomb file "a response . . . limited to" three discrete merits questions (Dkt. 65 at 1), Holcomb devotes much of his response to the contention that the government's motion failed to meet the standard for a reconsideration motion. That procedural objection is not a basis for denying the government's motion.

To begin, reconsideration of criminal orders is not the extraordinary step that Holcomb claims. Instead, district courts have "inherent power" to reconsider their own orders in criminal cases. *United States v. Lopez-Cruz*, 730 F.3d 803, 811 (9th Cir. 2013). Under federal law, "[n]o precise 'rule' governs" a district court's "judicial discretion" to "revisit" its own order. *Id*. The Federal Rules of Criminal Procedure are silent on the subject. In this district, reconsideration motions are "disfavored," but they are not disallowed. W.D. Wash. L. Crim. R. 12(b)13(A). A court "will ordinarily deny" reconsideration motions "in the absence of a showing of manifest error in the prior ruling

U.S. Reply for Recon. of Suppression Order – 8
*United States v. Holcomb,* CR21-75-RSL

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

*or* a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence." *Id.* (emphasis added).

The government's motion satisfies both tests. First, the Court's suppression ruling is manifestly erroneous because—as discussed—it cannot be reconciled with the Supreme Court's modern approach to the exclusionary rule and its interplay with the good-faith doctrine. Second, the government cites a limited number of authorities in direct response to the Court's suppression order, the precise reasoning of which the government could not have anticipated before that order issued.[3] These authorities build on the government's arguments in its original opposition and demonstrate that the Court's ruling is incompatible with controlling precedent.[4] That is an appropriate basis for a reconsideration motion.

Holcomb cites no criminal caselaw that supports his procedural arguments against reconsideration. Instead, he points to denials of motions for reconsideration in civil cases, including two involving frivolous *pro se* motions.[5] The civil motions that Holcomb cites bear no resemblance to the government's reconsideration motion here—a motion that the U.S. Attorney's Office prepared in consultation with the Appellate Section of the Criminal Division at the Department of Justice. The government does not lightly file motions for reconsideration. Its decision to do so here was carefully considered.

Although Holcomb relies on civil caselaw, cases involving reconsideration of criminal orders—including suppression orders—are not hard to find. Consider, for example, *United States v. Pippin*, where Judge Coughenour rejected similar procedural

---

[3] The government also included an exhibit intended to complete the factual record. Specifically, the government included the second page of a report related to the search of Holcomb's computer. Dkt 63 at 4 & n.1. Holcomb attached an incomplete copy of that report to his original suppression motion; the government included that missing page to complete the factual record.

[4] Holcomb's suggestion (Dkt 75 at 8) that the government's reconsideration motion presented a new argument is mistaken. The government's position has never wavered: the warranted search of his computer did not violate the Fourth Amendment, and even if it had, the Supreme Court's modern jurisprudence on the exclusionary rule and the good-faith doctrine preclude suppression on this record.

[5] *Immelt v. Sharp*, No. C20-5617 BHS, 2022 WL 594533 (W.D. Wash. Feb. 28, 2022), and *Barton v. LeadPoint Inc.*, No. C21-5372 BHS, 2022 WL 293135 (W.D. Wash. Feb. 1, 2022). *See* Dkt. 75 at 2–3.

U.S. Reply for Recon. of Suppression Order – 9
*United States v. Holcomb,* CR21-75-RSL

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

arguments against reconsideration. No. CR16-266 JCC, 2017 WL 2806805 (W.D. Wash. June 29, 2017) (reconsidering and vacating a suppression order as manifestly erroneous based on authority that the government conceded should have been brought to the Court's attention in its initial pleadings but was not).

And *Pippin* is no outlier. *See, e.g.*, *United States v. Hector*, 474 F.3d 1150, 1153–55 (9th Cir. 2007) ("In light of the rationale of the exclusionary rule and the considerations set out by the Supreme Court in *Hudson*, we conclude that suppression was not an appropriate remedy in this case, and that the district court should have granted the government's motion for reconsideration.").[6]

## C. No evidentiary hearing is needed

Although the Court did not ask for Holcomb's position on the need for an evidentiary hearing, he offered it anyway. Dkt. 75 at 23–26. His position has not changed. Nor has the government's: no hearing is necessary.

"An evidentiary hearing on a motion to suppress need be held only when the moving papers allege facts with sufficient definiteness, clarity, and specificity to enable the trial court to conclude that contested issues of fact exist." *United States v. Howell*, 231 F.3d 615, 620 (9th Cir. 2000). "A hearing will not be held on a defendant's pre-trial motion to suppress merely because a defendant wants one. Rather, the defendant must demonstrate that a 'significant disputed factual issue' exists such that a hearing is required." *Id.* at 621 (citation omitted). A defendant likewise has no right to an evidentiary hearing on merely conjectural contentions. *United States v. DiCesare*, 765 F.2d 890, 896 (9th Cir. 1985).

---

[6] *See also, e.g.*, *United States v. Raymonda*, 780 F.3d 105, 113, 117–21 (2d Cir. 2015) (where district court denied government's motion to reconsider suppression ruling in child-pornography case, reversing on good-faith grounds); *United States v. McBroom*, No. 21-CR-97 MJH, 2021 WL 5240230 (W.D. Pa. Nov. 8, 2021) (granting government's motion to reconsider suppression order, denying defendant's suppression motion, and finding that even if officers' mistake of law was objectively unreasonable, "suppression of the evidence would still not be warranted," since their "actions were not deliberate, reckless, or grossly negligent conduct, or evidence of recurring or systemic negligence" (brackets and quotation marks omitted)); *United States v. Harris*, No. 19-CR-235 KJM, 2020 WL 5878405 (E.D. Cal. Oct. 2, 2020) (granting government's reconsideration motion and denying suppression motion); *United States v. Osorio-Arellanes*, No. 11-CR-150-004, 2019 WL 417039, at *1 (D. Ariz. Jan. 31, 2019) (same); *United States v. Chavez*, No. 15-CR-285 LHK, 2018 WL 4207350, at *3–*9 (N.D. Cal. Sept. 4, 2018) (same).

U.S. Reply for Recon. of Suppression Order – 10
*United States v. Holcomb,* CR21-75-RSL

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

Holcomb has not carried his burden. He claims that the government is "again putting into issue the need for an evidentiary hearing" by moving for reconsideration "because the 'clearly established' test is a factually intensive inquiry." Dkt. 75 at 23. Not so. The Court's good-faith analysis was based on the face of this search warrant—not any disputed facts. Likewise, the government's arguments about what a reasonably well-trained officer would understand from the warrant's face, about good faith, and about clearly established Ninth Circuit and Supreme Court law are all legal arguments and rest on uncontroverted facts.

As he has several times before, Holcomb implores the Court for an opportunity to plumb the depths of the subjective motivations of the investigating officers and the deputy prosecuting attorney so he can bring to light the gross misconduct and bad faith that he is certain tainted this investigation. As before, Holcomb has no actual evidence of bad faith, just certitude that all will be revealed if he can just ask the right questions—including questions that defense counsel claims that he "cannot professionally disclose at this time." Dkt. 75 at 25. Given the lack of any real dispute as to the investigative timeline and the circumstances of the search itself, the record does not suggest that an evidentiary hearing would shed light on issues relevant to the questions before the Court. Indeed, subjective knowledge or intent is irrelevant to the inquiry here: an officer's "pure heart does not entitle him to exceed the scope of a search warrant, nor does his ulterior motive bar a search within the scope of the warrant, where the warrant was properly issued." *United States v. Ewain*, 88 F.3d 689, 694 (9th Cir. 1996). In short, an officer's "subjective thoughts play no role in the Fourth Amendment analysis." *United States v. Ramirez*, 473 F.3d 1026, 1030–31 (9th Cir. 2007) (citing *Whren v. United States*, 517 U.S. 806, 811–13 (1996)). Good faith is likewise an "objective" test. *Herring*, 555 U.S. at 145–46.

Holcomb also suggests that the government's current arguments for reconsideration undercut the position we took in our original opposition. Dkt. 75 at 23. Again, not so. We stated originally that no evidentiary hearing was needed because (among other reasons) "the resolution of Holcomb's motion depends on an objective assessment of whether the

U.S. Reply for Recon. of Suppression Order – 11
*United States v. Holcomb,* CR21-75-RSL

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

police uncovered the evidence of child sexual abuse while within the scope of the computer search warrant obtained in the rape investigation"; "[t]he investigative timeline and police actions appear to be largely undisputed"; Holcomb "has not alleged any material falsehoods in the supporting search warrant affidavits that would justify a *Franks* hearing"; and Holcomb's allegations about "the subjective motivations of the local police and prosecutor" were irrelevant. Dkt. 41 at 29–30. All that remains true today.

The government also noted in our opposition that "[t]he only subject the government can envision might require further factual development is why Det. Neufeld did not use date filters during his examination of Holcomb's desktop computer"—but we reiterated that "there is no need for the Court to make any findings on that question, since the Fourth Amendment did not require such filters and the detective's subjective intent was irrelevant. The Court can thus resolve Holcomb's motion on the paper record." Dkt. 29 at 30.

Again, all that remains true today. Nothing in the government's reconsideration motion changes the analysis. Based on the undisputed (and indisputable) evidentiary record and binding precedent, no evidentiary hearing is necessary to grant the government's reconsideration motion and deny Holcomb's suppression motion.

## CONCLUSION

The police found child-sexual-abuse videos while executing a valid search warrant that authorized them to search an entire device for evidence of dominion and control, including photographs and videos. While the Court concluded that the warrant's dominion-and-control provision was constitutionally infirm—a conclusion the government believes was erroneous—the Court should reconsider the suppression order for a different reason. The Court's suppression order applied an erroneous standard in denying the government's invocation of *Leon*'s good-faith rule. In doing so, the Court sought to apply a constitutional standard to the computer search warrant that no reasonable officer could have understood would apply under Supreme Court and Ninth Circuit precedent.

U.S. Reply for Recon. of Suppression Order – 12
*United States v. Holcomb,* CR21-75-RSL

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

The government is not "asking this Court to set a precedent effectively abolishing the exclusionary rule." Dkt. 75 at 25. On the contrary, the government asks the Court to follow binding Supreme Court and Ninth Circuit precedent and recognize that suppression of evidence is an extreme sanction of "last resort." *Hudson v. Michigan*, 547 U.S. 586, 591 (2006); *see also, e.g.*, *United States v. Dreyer*, 804 F.3d 1266, 1278 (9th Cir. 2015) (en banc) ("[W]e recognize that all three cases reflect the Supreme Court's recent direction that the [exclusionary] rule is a remedy of last resort. . . .").

The circumstances here do not justify that extreme sanction. Under binding precedent, it would be contrary to law and unreasonable to apply the exclusionary rule, as doing so leaves society to pay suppression's heavy cost while reaping none of the rule's deterrent benefit. Instead, this is a quintessential good-faith case. Officers reasonably relied on an otherwise valid search warrant supported by probable cause—a warrant that binding precedent gave them no reason to doubt. The Court should thus reconsider its order granting Holcomb's motion to suppress, vacate that order, and deny Holcomb's motion.

August 10, 2022.

Respectfully submitted,

NICHOLAS W. BROWN
United States Attorney

s/ *Teal Luthy Miller*
TEAL LUTHY MILLER
MATTHEW P. HAMPTON
JONAS LERMAN
Assistant United States Attorneys
LAURA HARMON
Special Assistant United States Attorney
700 Stewart Street, Suite 5220
Seattle, WA 98101-1271
(206) 553-7970
teal.miller@usdoj.gov
matthew.hampton@usdoj.gov
jonas.lerman@usdoj.gov
laura.harmon@usdoj.gov

U.S. Reply for Recon. of Suppression Order – 13
*United States v. Holcomb,* CR21-75-RSL

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970